UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SARA BRECHER on behalf of herself and
all other similarly situated consumers

                           Plaintiff,

        -against-

MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, LLC,
AND ENCORE CAPITAL GROUP, INC.

                          Defendants.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Sara Brecher, brings this action against Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    The Defendant Midland Credit Management, Inc. is an affiliate of Defendant Midland Funding, LLC and is also a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

5.    The Defendant Midland Credit Management, Inc. is engaged in the business of collecting or attempting to collect debts on behalf of Midland Funding, LLC as one of its principal areas of business.

6.    The Defendant Encore Capital Group, Inc. is the parent company of Midland Credit Management, Inc. and Midland Funding, LLC.

7.    The Defendants have their principal place of business in San Diego, California.

8.    Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.    Defendant Midland Funding, LLC is a "bad debt buyer" that specializes in buying large portfolios of delinquent consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as its sister corporation, Midland Credit Management, Inc.

**Jurisdiction and Venue**

10.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Sara Brecher**

12.    Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

13.    On or about May 31, 2017, Defendant sent the Plaintiff a collection letter.

14.    The said letter was an effort to collect on a consumer debt.

15.    The said letter identified the amount owing as the "Current Balance," words that imply that the balance may increase at a later stage.  See Chuway v. National Action Financial

Services, 362 F.3d 944 (7th Cir.2004) (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided.)

16.    The Plaintiff was left uncertain as to whether the "Current Balance" would increase there was no disclosure that indicated otherwise.

17.    The letter does not clearly state either that the amount will or will not increase. See Avila v. Riexinger & Associates, LLC, 817 F.3d 72, (2d Cir. 1016).

18.    While it is typical for collection letters to state an "amount due" or "account balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date.

19.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

20.    Collection notices that state only the "Current Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.  See Islam v. Am. Recovery Serv., 2017 U.S. Dist. LEXIS 180415("If a collection letter is ambiguous as to interest, Avila holds, then it violates §1692e. I recognize that ambiguity can be indicative of a misleading or deceptive communication. But Avila compels the conclusion that any ambiguity as to post-dated accruals in a collection notice gives rise to a claim under the general prohibition of § 1692e — even if the ambiguity does no harm or even inures to the benefit of the debtor." Language such as

the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of Avila.)

21. Since interest, fees and/or other charges were always charged on the account and Plaintiff was never informed by Defendant that interest, fees and/or other charges would no longer be applied, and especially because of the use of the phrase "Current Balance," can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

22. The said letter could also reasonably be read by the least sophisticated consumer to mean that interest, fees and/or other charges were no longer accruing.

23. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

24. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Upon information and belief, such actions are part of a scheme or business of Defendant when attempting to collect alleged debts from consumers in the State of New York.

26. Upon information and belief, the Defendant's collection letters, such as the said May 31, 2017 collection letter, number in at least the hundreds.

27. Defendants' May 31, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), and

1692e(10), for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

28. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

29. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

30. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

31. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

32. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

33. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

35. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

37.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38.     The identities of all class members are readily ascertainable from the records of the Defendants and those business and governmental entities on whose behalf it attempts to collect debts.

39.     Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

40.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

41.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

42.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor

her attorneys have any interests, which might cause them not to vigorously pursue this action.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

44.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

45.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46.    Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

47.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**CAUSE OF ACTION**

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.**

48.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty-seven (47) herein with the same force and effect is if the same were set forth at length herein.

49.    This cause of action is brought on behalf of Plaintiff and the members of a class.

50.    The class involves all individuals whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 31, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10), for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

**Violations of the Fair Debt Collection Practices Act**

51.    The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52.    Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
May 29, 2018

    /s/ Maxim Maximov
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

    /s/ Maxim Maximov
Maxim Maximov, Esq.